**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK CONNOR,
ADC # 114272**                                                                                   **PLAINTIFF**

V.                             No. 5:10CV00265 JMM-BD

**GERALD ROBINSON,** *et al.*                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I.      **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**II.     Introduction:**

On August 30, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his original complaint in this case under 42 U.S.C. § 1983 (docket entry #2). Because of the confusing way that Plaintiff's various claims were presented, Plaintiff was ordered to file an amended complaint (#3). On September 20, 2010, Plaintiff filed an amended complaint (#6).

In his amended complaint, Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs. Specifically, he complains that he suffers from a serious heart condition and that while he was housed at the W.C. Brassell Detention Facility, he experienced chest pains. Plaintiff claims that Defendants were aware of his serious heart problems but failed to provide him any medical treatment. He requests money damages as well as injunctive relief and names as Defendants: Sheriff Robinson, Sgt. Deberry, Officer Brooks, Officer Jones, Major Tyler, Captain Adams, the W.C. Dub Brassell Detention Facility, Correctional Medical Services, Nurse Randall, Nurse Royal, and multiple John Doe Defendants. The Court recommends that Plaintiff's claims be dismissed.

**III.    Discussion:**

  A.     Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity

secured by the United States Constitution or by laws of the United States.  42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

"Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.  Deliberate Indifference to Plaintiff's Serious Medical Needs

"To show deliberate indifference, plaintiffs must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." *Langford v. Norris*, 2010 WL 2813551, *10 (8th Cir. 2010) (citing *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)).  "Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990) (citations omitted).  To state a claim based on "inadequate medical treatment . . . [t]he plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional

violation.'" *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

In addition, an inmate who complains about delay in medical treatment must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay in order to succeed on his claim. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995). See also *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (delay in treatment claims require evidence that defendants ignored an acute or escalating situation or that the delays adversely affected the prognosis).

Here, Plaintiff complains that he suffers from a serious heart condition and that he experienced chest pain while he was housed at the Detention Facility. He alleges that the Defendants were aware of his serious medical needs, but failed to provide medical treatment. Unfortunately for Plaintiff, he fails to allege that he sustained any injury as a result of a delay in medical treatment. Rather, according to the grievance forms Plaintiff attaches to his amended complaint, when Plaintiff complained of chest pains, he was placed in a separate housing area so that he could be more closely monitored. (#6 at p.18) This conduct does not constitute deliberate indifference to a serious medical need. Accordingly, Plaintiff's claims should be dismissed without prejudice for failing to state a claim for relief under 42 U.S.C. § 1983.

    C.    Correctional Medical Services

In his amended complaint, Plaintiff names CMS as a party Defendant. CMS can be held liable only if, "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). See also *Clay v. Morgan*, 79 Fed. Appx. 940, 941 (8th Cir. 2003) (unpub. per curiam) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993)) (holding that corporations such as CMS can be held liable only if they act under color of state law, and if their policies, customs, or the actions of their policymakers cause injury that can be redressed under section 1983).

The Eighth Circuit Court of Appeals has defined the term "policy" as "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

Here, Plaintiff failed to identify any policy, custom, or official action on the part of CMS that caused him injury. He has not alleged a "widespread pattern of unconstitutional conduct"; nor has he alleged that officials were notified of unconstitutional conduct and failed to act. Accordingly, Plaintiff's claim against CMS fails.

D. W.C. Dub Brassell Detention Facility

In his amended complaint, Plaintiff also names the W.C. Dub Brassell Detention Facility as a Defendant. Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. The W.C. Dub Brassell Detention Facility is not a person or entity subject to suit under § 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309 (1989) (a state is not "person" within the meaning of § 1983); *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). Accordingly, Plaintiff's claim against the W.C. Dub Brassell Detention Facility fails, in any case.

IV. **Conclusion:**

The Court recommends that Plaintiff's claims be dismissed without prejudice. The Court further recommends that the District Court certify an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 23rd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE